Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant, *v.* Barbara Ann Gross, Appellee.

Argued December 6, 1974, before Judges KRAMER, WILKINSON, JR., and ROGERS, sitting as a panel of three.

*John L. Heaton,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellant.

*Anthony J. Lupas, Jr.,* for appellee.

OPINION BY JUDGE ROGERS, December 23, 1974:

On January 18, 1973, a traffic complaint was filed against appellee, Barbara Ann Gross, charging her with a violation of Section 1002(b)(4) of the Motor Vehicle Code[1] for operating her automobile at a speed of 57 miles per hour in a 35 miles per hour zone. Appellee paid the fine and costs on February 1, 1973, thereby pleading guilty and obviating an appearance before the District Magistrate. The magistrate forwarded a report of the conviction to the Department of Transportation, which report consisted of the traffic complaint containing the magistrate's signature and seal on the front and notations on a printed form indicating appellee's fine and costs payments on the

---

[1] Act of April 29, 1959, P.L. 58, §1002(b)(4), 75 P.S. §1002(b)(4).

back. As required by Subsections (b) and (f) of Section 619.1[2] of the Code, six points were assigned to appellee's driving record and she was directed to attend Driver Improvement School. In addition, because she was found to have been driving at a speed 22 miles an hour in excess of the speed limit, a mandatory thirty day suspension of her operating privileges was imposed by the Department, pursuant to Section 619.1. Ms. Gross appealed the suspension to the Luzerne County Court of Common Pleas, which sustained the appeal on the ground that the Commonwealth had failed to prove the testing and accuracy of the speedometer and equipment used by the arresting officer. The Department has appealed to this court.

When the Secretary receives the report of a conviction, in proper form, for violation of Section 1002 (b) (4) involving a speed 22 miles an hour in excess of the speed limit, he is required by statute to suspend the operating privileges of the convicted driver for thirty days. On the appeal of such a suspension, the common pleas court is limited in its review to questions of whether the driver was convicted, whether the Secretary properly computed the points attributable to such violation and whether the Secretary properly applied mandatory sanctions of the Code. The court may not, as it did here, inquire into the circumstances of the violation. *Commonwealth v. Siedlecki,* 7 Pa. Commonwealth Ct. 130, 300 A. 2d 287 (1973); *Commonwealth v. James,* 6 Pa. Commonwealth Ct. 493, 296 A. 2d 530 (1972); *Commonwealth v. Virnelson,* 212 Pa. Superior Ct. 359, 243 A. 2d 464 (1968).

Appellee here, for the first time, directs attention to the fact that the notation of payment of the fine and costs on the reverse side of the traffic complaint

---

2. Act of April 29, 1959, P.L. 58, §619.1, added Act of January 24, 1966, P.L. (1965) 1497, §2, 75 P.S. §619.1.

was not subscribed to by the magistrate as provided by Section 1209 of the Motor Vehicle Code, April 29, 1959, P. L. 58, 75 P.S. §1209. The Secretary's certified record of conviction, which included the traffic complaint, went into the record without objection on this or any other ground and the argument now raised was not presented in the court below. We may not therefore consider it in the disposition of this case. *General State Authority v. Loffredo*, 16 Pa. Commonwealth Ct. 237, 328 A. 2d 886 (1974); *Pennsylvania Turnpike Commission v. Sanders & Thomas, Inc.*, 12 Pa. Commonwealth Ct. 145, 316 A. 2d 127 (1974).

Therefore, the order of the Court of Common Pleas of Luzerne County is reversed and the thirty day suspension of appellee's operating privileges by the Secretary of Transportation is hereby reinstated and is to commence within thirty days of the entry hereof.