Commonwealth of Pennsylvania *v.* Salvatore DeMuro, Appellant.

Argued April 9, 1976, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Richard A. Gutman,* with him *Gutman, McAllister and Mettee,* for appellant.

*John L. Heaton,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, May 14, 1976:

This is an appeal by Salvatore DeMuro (appellant) from an order of the Court of Common Pleas of Philadelphia County affirming an order of the Director of the Bureau of Traffic Safety suspending the appellant's Certificate of Appointment for the inspection of motor vehicles pursuant to Section 819 of the Motor Vehicle Code.[1]

The testimony produced at the hearing in the court below revealed that two Pennsylvania state troopers, responding to a complaint that illegal inspections were being conducted at appellant's repair garage, began a surveillance of the garage at about 6:55 A.M. on October 29, 1974. At about 9:40 A.M. the troopers saw the appellant's son, James DeMuro, open the station. Between the hours of 9:42 A.M. and 10:22 A.M. five vehicles entered the garage bearing No. 2 stickers and exited through a rear door with new No. 3 stickers. The troopers stopped and examined the fifth vehicle, a truck owned by a Mr. McCabe, and found it to be in defective condition in a number of respects. Mr. McCabe informed the troopers that the appellant's son, James DeMuro, who was not an authorized inspection mechanic, had performed the inspection. When questioned about this, the younger DeMuro denied that he had inspected the truck. Upon examining the appellant's inspection records,[2] the troopers found irregularities. The appellant testified that he, in fact, had inspected all the vehicles, that he inspected the McCabe truck at 5:30 A.M. on the 29th of October and that no one else performed any of the work. The lower court disregarded the testimony of the appel-

---

1. Act of April 29, 1959, P.L. 58, *as amended,* 75 P.S. §819.

2. On the morning of October 29, 1974, James DeMuro informed the troopers that the records were locked in the office and that his father, who was not present, had the key.

lant that he had inspected the vehicles as totally incredible.[3] It made the following findings of fact.

(1) That the appellant permitted his son and other unauthorized individuals to perform inspections when he knew, or should have known, that his son and other individuals were not certified as Official Inspection Mechanics; (2) that the appellant, his son and other individuals, illegally affixed inspection stickers to vehicles which were not properly inspected; (3) that the appellant, his son or other individuals, illegally affixed an inspection sticker to the McCabe truck; and (4) that appellant kept inaccurate Official Inspection Records.

Three issues are raised by the appellant: (1) that the findings of fact by the court below do not lead to a conclusion of a violation of the law; (2) that the findings of the lower court are not supported by competent evidence; and (3) that the violations are de minimis and, therefore, the lower court's affirmance of a suspension was an abuse of discretion. We find these contentions to be wholly without merit and affirm.

Appellant's first argument is based on that provision of Section 819 (b) of the Motor Vehicle Code, 75 P.S. §819 (b) which absolves owners of inspection stations from loss of their licenses for violations committed by employes without their knowledge. He argues that because his testimony that he alone performed all the inspections was disbelieved by the court below which found that others made whatever passed for inspections at his garage, we should accept his statement in this appeal that he did not know that others were performing inspections. This argument provides compelling support for the principle that a party may not raise on appeal an argument which he failed to make in the lower court.

---

3. Appellant, for instance, insists that he inspected Mr. McCabe's truck at 5:30 A.M. on October 29, 1974. The inspection records listed it as the fifth vehicle inspected on that date.

*Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety v. Gross*, 16 Pa. Commonwealth Ct. 524, 330 A.2d 302 (1974) ; *General State Authority v. Loffredo*, 16 Pa. Commonwealth Ct. 237, 328 A.2d 886 (1974).

The record contains ample evidence to support the findings of fact made by the lower court.

Finally, although an appeal from an order of the Director of the Bureau of Traffic Safety suspending a motor vehicle inspection certificate is heard de novo, the court determines only whether the person charged committed the violation for which the suspension was imposed. *Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety v. Verna*, 23 Pa. Commonwealth Ct. 260, 351 A.2d 694 (1976). Thus, the court may not reverse the Director or modify the penalties imposed simply because it believes the result harsh. *See Commonwealth v. Thompson*, 13 Pa. Commonwealth Ct. 162, 318 A.2d 408 (1974) ; *Commonwealth v. Jula*, 12 Pa. Commonwealth Ct. 140, 316 A.2d 681 (1974). We add that the court below indicated no disposition to ameliorate the penalty in this case, nor on this record would such sentiment be justified.

Affirmed.