American Bank and Trust Co. of Pa. and Abe H. Frumkin, Trustees; and Harston Hall Nursing and Convalescent Home, Inc., Appellants *v.* Montgomery County Board of Assessment Appeals, Appellee.

Argued April 11, 1980, before Judges WILKINSON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Albert Louis Piccerille,* with him *Lawrence G. Feinberg, Frumkin & Manta,* P.C., for appellants.

*Logan M. Bullitt,* with him *Roger B. Reynolds,* County Solicitor, *Joseph A. Smyth,* Assistant County Solicitor, *Thomas M. Garrity* and *Charles Potash,* for appellee.

OPINION BY JUDGE ROGERS, May 15, 1980:

American Bank and Trust Company of Pennsylvania and Abe H. Frumkin, Trustees, owners of a convalescent home property located in Montgomery County, have appealed from an order of the Court of Common Pleas striking their appeal to the court of the annual assessment of their property made by the County Board of Assessment in 1977 for 1978 local taxes. We affirm.

The appellants failed to attach to their appeal to the court the proposed preliminary decree required by Rule 920 of the Montgomery County Rules of Civil Procedure. The circumstances here are materially identical to those in *Hess v. Montgomery County Board of Assessment Appeals,* 42 Pa. Commonwealth Ct. 292, 400 A.2d 1337 (1979), where we affirmed the order of the Montgomery County Court of Common Pleas striking an appeal for the same deficiency. The requirements and reasons for Rule 920 are fully explained by Judge WILKINSON in *Hess* and need no further exposition here.

The appellants' contention that their counsel was not a member of the Montgomery County Bar and that he had been misled by the Montgomery County Administrator concerning Rule 920 was not raised be-

low and will not be considered here. *Commonwealth v. DeMuro*, 24 Pa. Commonwealth Ct. 480, 357 A.2d 270 (1976).

The appellants also contend that the aversion expressed in *Wm. Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 187, 346 A.2d 269, 278 (1975), to ''hyper-technicality and formalism in pleading, contrary to the modern practice of allowing free amendment in order to promote resolution of cases on their merits,'' requires reversal of the order striking their appeal. Not only are we not here concerned with an application to amend as was the case in *Wm. Penn Parking*, the failure to observe the Montgomery County Rule 920 is no mere technical fault because the purpose of the Rule is to provide prompt notice to local taxing districts of the fact that an assessment has been appealed.

Order affirmed.

ORDER

AND Now, this 15th day of May, 1980, the order of the Court of Common Pleas of Montgomery County, No. 78-4298, striking off the appeal in the above matter is affirmed.