Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Helen M. Valentine, Appellee.

Submitted on briefs November 15, 1982, before President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE MACPHAIL, December 30, 1982:

The Department of Transportation, Bureau of Traffic Safety (Bureau) has appealed from an order of the Court of Common Pleas of Allegheny County which reversed the Bureau's suspension of the vehicle operating privileges of Helen M. Valentine (Appellee).[1]

Appellee was cited on April 3, 1979 for failing to give required information after being involved in an accident which resulted in damage to an attended vehicle. *See* Section 3743 of the Vehicle Code (Code), 75 Pa. C. S. §3743. On April 10, 1979, Appellee paid the fine and costs assessed for the offense. Payment of the fine, of course, constituted a plea of guilty which, in turn, resulted in a conviction. Section 6501 of the Code, 75 Pa. C. S. §6501. As a result of the conviction, Appellee was notified by the Bureau that her operating privileges were being suspended for a period of six months, effective July 6, 1979.

On appeal to the court of common pleas, Appellee argued that she paid the fine, despite the fact that she was not guilty, because she did not believe that the district justice would act with fairness regarding her case due to the fact that they did not get along well personally. The court of common pleas sustained Ap-

---

[1] Appellee has declined to file a brief with this Court.

pellee's appeal because of these "extenuating circumstances."[2]

It is clear that in a license suspension appeal the only issues are whether the licensee was in fact convicted and whether the Bureau has acted in accordance with applicable law. The underlying criminal conviction may not be challenged in a suspension appeal, which is civil in nature. *Department of Transportation, Bureau of Traffic Safety v. Calloway,* 60 Pa. Commonwealth Ct. 647, 432 A.2d 322 (1981); *Department of Transportation, Bureau of Traffic Safety v. Grobes,* 45 Pa. Commonwealth Ct. 151, 405 A.2d 588 (1979).

We believe that the court of common pleas erred in reversing the Bureau's suspension order in this case. The record establishes that the Appellee was in fact convicted of violating Section 3743. With regard to the Bureau's actions, Section 1532(b) of the Code, 75 Pa. C. S. §1532(b) mandates that the operating privileges of any driver who is convicted of violating Section 3743 be suspended for six months upon receipt of a certified record of conviction. We conclude that the Bureau has acted in accordance with the Code's requirements.

Order reversed.

### ORDER

It is ordered that the order of the Court of Common Pleas of Allegheny County, dated September 20, 1979, No. SA 572 of 1979, is hereby reversed and the suspension of the operating privileges of Helen M.

---

[2] The record in this case does not contain an opinion by the court of common pleas due to the fact that Judge GRIGSBY, who entered the order, has since left the bench. We believe that Judge GRIGSBY adequately set forth the reasons for his order during the hearing held in this matter and that the purpose behind Pa. R.A.P. 1925(a) has been satisfied.

Valentine for a period of six months issued by the Department of Transportation, Bureau of Traffic Safety, is reinstated.