525 A.2d 876

Woodrow J. Zeitlen, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Submitted on briefs April 20, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BLATT, sitting as a panel of three.

*Peter B. Foster, Pinskey & Foster,* for appellant.

*Lawrence R. Wieder,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Henry G. Barr,* General Counsel, for appellee.

OPINION BY JUDGE CRAIG, May 14, 1987:

Woodrow J. Zeitlen appeals from an order of the Court of Common Pleas of Dauphin County affirming

the Department of Transportation's suspension of his operating privileges. We affirm.

On his guilty plea, Mr. Zeitlen was convicted of violating section 3743 of the Vehicle Code, *as amended,* 75 Pa. C. S. §3743, which proscribes leaving the scene of an accident involving damage to a vehicle or other property. The department, upon notification of Mr. Zeitlen's conviction, suspended his operating privileges for six months, pursuant to section 1532(b) of the Vehicle Code.

Mr. Zeitlen appealed from the department's order to the trial court. After a hearing, the trial court concluded that Mr. Zeitlen could not collaterally attack the merits of his conviction in the license suspension appeal, and affirmed the order of the department.

The issue on appeal is whether a motorist, in a license suspension appeal, is entitled to a *de novo* hearing on the merits of the conviction which led to his license suspension.

This court in *Department of Transportation, Bureau of Traffic Safety v. Valentine,* 71 Pa. Commonwealth Ct. 8, 453 A.2d 742 (1982), held that "[i]t is clear that in a license suspension appeal the only issues are whether the licensee was in fact convicted and whether the Bureau has acted in accordance with applicable law. The underlying criminal conviction may not be challenged in a suspension appeal, which is civil in nature." 71 Pa. Commonwealth Ct. at 10, 453 A.2d at 743.

Mr. Zeitlen contends that *Department of Transportation, Bureau of Traffic Safety v. Quinlan,* 47 Pa. Commonwealth Ct. 214, 408 A.2d 173 (1979) and *Liebler v. Commonwealth of Pennsylvania,* 83 Pa. Commonwealth Ct. 270, 476 A.2d 1389 (1984) are controlling. However, those cases held that a motorist may challenge the merits of the license suspension, not the merits of

the conviction which led to the suspension. Therefore, those cases are inapposite here.

The department requests that this court award counsel fees pursuant to Pa. R.A.P. 2744 because Mr. Zeitlen's appeal is frivolous.

Because the issue that Mr. Zeitlen raises here is well settled, and Mr. Zeitlen presents no legal support for his one argument, this court concludes that the appeal is frivolous. *Coraluzzi v. Commonwealth of Pennsylvania,* 105 Pa. Commonwealth Ct. 305, 524 A.2d 541 (1987). Therefore, Mr. Zeitlen is obligated to reimburse the department for a reasonable amount of counsel fees.

Accordingly, the order of the trial court is affirmed, and this case is remanded to the trial court to determine the amount to be paid to the department in accordance with Pa. R.A.P. 2744.

## ORDER

NOW, May 14, 1987, the order of the Court of Common Pleas of Dauphin County at No. 1400 S 1984, dated June 15, 1984, is affirmed.

Pursuant to Pa. R.A.P. 2744, Mr. Zeitlen shall be liable to the department for reasonable counsel fees related to this appeal, as may be reflected by a bill of cost to be filed on behalf of the Department of Transportation in the trial court, to which this case is hereby remanded to determine the amount to be paid to the Department of Transportation.

Jurisdiction relinquished.