535 A.2d 306

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Leonard L. Greene, Appellee.

Submitted on briefs November 25, 1987, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Henry G. Barr,* General Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE COLINS, January 8, 1988:

The Department of Transportation (Department) here appeals an Order of the Court of Common Pleas of Allegheny County dated October 24, 1985, which sustained the appeal of Leonard L. Greene (Greene) from

the Department's revocation of Greene's operating privileges for a period of six months.

A hearing was held on this matter on October 23, 1985 before the trial court. At that hearing, the Department offered into evidence a cover certification, official notice of revocation, the certification of convictions, and the certification of Greene's driving record as maintained by the Department. Greene testified that he received a traffic ticket in 1983 for following too closely behind another vehicle. He testified that he paid the citation and figured that "everything was fine."

He was later stopped by the Penn Hills Police and charged with driving under suspension. Thereafter, he contacted the District Justice involved in the issuance of the earlier citation and was informed that the citation was as of yet unpaid. Greene paid the earlier citation and the fines and costs for the current charge of driving under suspension. Several weeks later Greene received his license back from the Department. Subsequently, he changed his address and received an application form for the renewal of his license. He later received the official notice from the Department concerning the six month revocation of his operating privileges. On cross-examination at this hearing, Greene admitted again that he had paid the fine for the citation charging him with driving under suspension.

In questioning Greene during this hearing, the trial court expressed its belief that this case was the result of an administrative blunder. The attempts of Department's counsel to explain to the trial court that Greene's defense was a good defense to the underlying criminal charge but not to the civil revocation were thwarted by the trial judge's response of "I understand that. He shouldn't be here." The trial court thereafter sustained Greene's appeal. The Department now appeals that Order sustaining Greene's appeal.

As evidenced by the Department's records, Greene was convicted on September 10, 1984, of violating Sec-

tion 1543 of the Vehicle Code, 75 Pa. C. S. §1543, which proscribes driving while one's operating privilege is suspended or revoked. The Department, upon receiving record of this conviction, acted to revoke Greene's operating privilege as mandated by Section 1543 of the Vehicle Code.

Greene appealed the suspension of his operating privilege, arguing that, despite the fact that he did pay the fine and costs for violating Section 1543, the conviction could not support the later revocation of his operating privilege because he should not have been under suspension on the date that he was so cited.

The trial court erred as a matter of law in sustaining Greene's appeal. This Court has held repeatedly that the propriety of a criminal conviction cannot be attacked collaterally in a subsequent civil suspension proceeding. *See Department of Transportation, Bureau of Traffic Safety v. Williamson,* 91 Pa. Commonwealth Ct. 84, 496 A.2d 910 (1985). This Court, in the case of *Department of Transportation, Bureau of Traffic Safety v. Valentine,* 71 Pa. Commonwealth Ct. 8, 10, 453 A.2d 742, 743 (1982), held that "[i]t is clear that in a license suspension appeal the only issues are whether the licensee was in fact convicted and whether the Bureau has acted in accordance with applicable law. The underlying criminal conviction may not be challenged in a suspension appeal, which is civil in nature." The trial court clearly exceeded its scope of review in this case. Therefore, we reverse the order of the trial court and reimpose the six-month suspension.

ORDER

AND NOW, this 8th day of January, 1988, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby reversed and the six-month suspension of operating privileges is reimposed.