616 A.2d 1105

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

v.

**Joel L. DIAMOND, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 14, 1992.

Decided Oct. 30, 1992.

Reconsideration Denied Dec. 17, 1992.

---

352

Timothy P. Wile, Asst. Counsel-in-Charge of Appellate Section, for appellant.

No appearance for appellee.

Before SMITH and KELLEY, JJ., and LORD, Senior Judge.

KELLEY, Judge.

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals from an order of the Court of Common Pleas of Delaware County (trial court) which sustained the appeal of Joel L. Diamond from a two-year revocation of his operating privilege.[1] We affirm.

1. This case was assigned to the author on June 16, 1992. By order of February 10, 1992, Diamond was precluded from filing a brief.

Diamond's certified driving record, which is quite lengthy, was introduced into evidence before the trial court. From the certified record and the trial transcript, the chronology of events can be summarized as follows:

(1) On July 4, 1985, Diamond's operating privileges were suspended indefinitely for failing to pass an exam, which apparently was required because of an excessive accumulation of points.

(2) On October 11, 1986, Diamond was cited for driving while license suspended in violation of 75 Pa.C.S. § 1543 and for speeding. He was found guilty of both violations in Philadelphia Traffic Court on January 29, 1987 (the 1987 conviction).

(3) Diamond appealed the guilty conviction to the Philadelphia County Court of Common Pleas. On April 14, 1987, he was found not guilty of the § 1543 violation, but guilty of speeding.

(4) On May 29, 1987, DOT mailed a notice of revocation based on the 1987 conviction in Traffic Court. The notice stated that Diamond's operating privileges were being revoked for six months.[2] For whatever reason, Diamond took no action concerning this notice.[3]

(5) On March 15, 1988, Diamond was again cited for a host of violations, including another § 1543 violation. Diamond initially did not respond to these citations, precipitating a series of suspension notices from DOT for failure to respond to a citation. Diamond finally paid the fines on February 9, 1990, resulting in convictions on the citations (the 1990 conviction).

(6) On April 4, 1990, DOT *restored* Diamond's operating privilege.

2. The prior version of section 1543, which was in effect at the time, provided for a six-month revocation upon a conviction for driving while operating privilege was suspended. The current version provides for a one-year suspension. *See* 75 Pa.C.S. § 1543(c)(1) and footnote 4, *infra.*

3. At that point, Diamond should have appealed from the suspension notice and presented the acquittal from the Philadelphia Common Pleas Court to the trial judge. He did not do so.

(7) On May 22, 1990, DOT mailed a notice stating that, as a result of the 1990 conviction, Diamond's operating privileges were revoked for an additional two years.[4] It is this revocation that Diamond appealed to the trial court and is the subject of this appeal. Diamond took no action to appeal from the conviction itself.

A *de novo* hearing was held on April 8, 1991. At the hearing, DOT introduced a packet of documents, including Diamond's certified driving record and certified copies of both the 1987 and 1990 convictions. DOT's record contained no reference to Diamond's subsequent acquittal in the Philadelphia Common Pleas Court.

Diamond's counsel produced a copy of the trial transcript resulting in the acquittal, which was examined by both the trial judge and counsel for DOT.

The trial court concluded that Diamond had, in fact, been acquitted of the section 1543 violation for which he was cited on October 11, 1986. Therefore, because Diamond's license was not actually under suspension at the time of the 1990 conviction, the trial judge agreed that the suspension based on that conviction was in error and sustained Diamond's appeal.

DOT now argues that the trial judge erred in sustaining the appeal because DOT met its burden of proving the fact of the conviction. Alternately, DOT contends that even if the two-year revocation was improper, a one-year suspension could properly be imposed because the 1985 suspension was still in effect when the citation resulting in the 1990 conviction was issued.

---

**4.** Section 1543(c) provides for suspension or revocation upon receipt by DOT of a certified record of conviction as follows:

(1) If the department's records show that the person was under suspension, recall or cancellation on the date of violation, the department shall suspend the person's operating privilege for an additional one-year period.

(2) If the department's records show that the person was under revocation on the date of violation, the department shall revoke the person's operating privilege for an additional two-year period.

Because Diamond's operating privilege had already been *revoked* under the prior version of section 1543, DOT instituted an additional two-year revocation.

Our scope of review is limited to determining whether findings of fact are supported by competent evidence, whether an error of law has been committed, and whether the trial court's decision demonstrates a manifest abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Sullivan,* 140 Pa.Commonwealth Ct. 10, 594 A.2d 791 (1991).

Where the suspension or revocation of an operating privilege is imposed under 75 Pa.C.S. § 1543(c), it is DOT's burden to prove that it complied with applicable law, and to show that the department's records reflect that the motorist's operating privilege was, in fact, under suspension or revocation at the time of the offense giving rise to the present revocation or suspension. 75 Pa.C.S. § 1543(c); *Department of Transportation, Bureau of Driver Licensing v. Manuel,* 119 Pa.Commonwealth Ct. 264, 546 A.2d 1336 (1988), *petition for allowance of appeal denied,* 521 Pa. 624, 557 A.2d 727 (1989).

 DOT introduced Diamond's certified record which showed the 1987 conviction and subsequent revocation, as well as the 1990 conviction. Like all endeavors in which humans engage, however, DOT's records are not infallible. To blindly affirm a revocation where there is clear evidence that the motorist had been acquitted of the underlying offense would, in our view, elevate form over substance and work a manifest injustice.

 We therefore conclude that once DOT has introduced, via a certified record, evidence of a conviction, DOT has met its burden of production and established a rebuttable presumption that a conviction exists. Absent clear and convincing evidence that the record is erroneous, this presumption becomes conclusive on the issue of the conviction. We have never held, however, that the licensee is precluded from introducing evidence which tends to refute the information contained in DOT's certified driving record. In our view, a certified copy of an acquittal is sufficiently clear and convincing to rebut the presumption of a conviction which arises from the introduction of DOT's certified record.

█ We have held many times that the propriety of a criminal conviction may not be collaterally attacked in a civil license suspension hearing. *See, e.g., Department of Transportation, Bureau of Driver Licensing v. Greene,* 112 Pa.Commonwealth Ct. 413, 535 A.2d 306 (1988). The proper focus of the trial court's inquiry is whether the motorist was in fact convicted, not whether he should have been convicted. *Department of Transportation, Bureau of Traffic Safety v. Adams,* 53 Pa.Commonwealth Ct. 636, 419 A.2d 233 (1980). Because the 1990 conviction was based on an underlying revocation, however, it is proper for the trial court to examine both the current and the underlying convictions. Once Diamond was acquitted of the underlying offense, the 1987 conviction became a nullity, and could not serve as the basis for the 1990 conviction, notwithstanding the fact that the conviction remained on DOT's certified record.[5]

Diamond's actions therefore do not constitute the type of impermissible collateral attack which we have previously prohibited. *See, e.g., Martino v. Commonwealth,* 116 Pa.Commonwealth Ct. 200, 541 A.2d 425 (1988); *Department of Transportation, Bureau of Driver Licensing v. Rinehart,* 113 Pa.Commonwealth Ct. 452, 537 A.2d 930 (1988). He is not now attacking the 1987 conviction, but has already properly done so, resulting in an acquittal. Nor can we say that he is collaterally attacking the 1990 conviction which, as explained earlier, cannot be based on a nullity.

We conclude, therefore, that the trial court did not err in sustaining Diamond's appeal from the two-year revocation of his operating privileges. DOT argues that, in the alternative,

5. We are cognizant of the fact that Diamond neglected to avail himself of several avenues which might have remedied the situation. Although the 1987 conviction was overturned, he nevertheless did not appeal from the notice of suspension which purported to suspend his license based on the conviction, nor did he attempt to notify DOT of the acquittal in order to correct his driving record. Furthermore, Diamond did not contest the 1988 citation, but instead chose to pay the fine, which resulted in the 1990 conviction. Despite what Diamond *could* have done, however, we must still decide the case based on what he did, which was to obtain an acquittal on the underlying suspension.

the trial court should have imposed a one-year suspension based on the certified record.

■ Diamond's certified record reflects that an indefinite suspension for failure to pass an examination became effective on July 4, 1985. There is no indication that Diamond ever took this exam. The record further shows that Diamond's operating privileges were not restored until April 4, 1990. Therefore, when Diamond was cited on March 15, 1988 (which resulted in the 1990 conviction), his operating privileges were still under indefinite suspension. Pursuant to section 1543(c)(1), DOT could properly *suspend* Diamond's operating privileges for an additional one-year period.

■ We have held that a common pleas court may modify a penalty imposed by DOT when it finds facts different from those made by DOT and those modified facts also call for a mandatory penalty. *Department of Transportation, Bureau of Traffic Safety v. Antram*, 48 Pa.Commonwealth Ct. 135, 409 A.2d 492 (1979). The problem in this case is that the trial court did not find such facts, and our review of the trial transcript reveals that DOT's alternate theory was never argued before the trial court. Issues not raised before the trial court cannot be presented for the first time on appeal. *Department of Transportation, Bureau of Traffic Safety v. Gross*, 16 Pa.Commonwealth Ct. 524, 330 A.2d 302 (1974). Accordingly, we will not consider DOT's alternate theory of suspension.

The Vehicle Code has evolved into a technical and complex interplay of criminal and civil penalties and procedures. Because the Vehicle Code mandates suspensions and revocations following convictions for certain violations, our caselaw has developed to require that, at a civil suspension hearing, DOT need only show proof of the conviction and proof that procedural safeguards have been followed. The motorist cannot use the civil suspension hearing to relitigate the merits of the conviction.

The flip side of the coin, however, must be that where the conviction is later overturned, the suspension must fall with it.

DOT simply cannot meet its burden of "proving" a conviction which no longer exists. Our holding in this case should not be seen as a weakening of the rule against collateral attacks. Rather, just as a criminal conviction in certain situations mandates a license suspension, so an acquittal in those same situations must of necessity spell an end to any suspension proceeding related thereto.

## ORDER

NOW, this 30th day of October, 1992, the order of the Court of Common Pleas of Delaware County, dated April 9, 1991, at No. 90–10183, is affirmed.

LORD, Senior Judge, dissenting.

I respectfully dissent. The majority properly states:

We have held many times that the propriety of a criminal conviction may not be collaterally attacked in a civil license suspension hearing. See, e.g., *Department of Transportation, Bureau of Driver Licensing v. Greene,* 112 Pa.Commonwealth Ct. 413, 535 A.2d 306 (1988). The proper focus of the trial court's inquiry is whether the motorist was in fact convicted, not whether he should have been convicted. *Department of Transportation, Bureau of Traffic Safety v. Adams,* 53 Pa.Commonwealth Ct. 636, 419 A.2d 233 (1980).

The majority then proceeds to examine not only the March 15, 1988 conviction—the one involved in this appeal, for which Diamond paid the fine on February 9, 1990—but also the citation that was issued on October 11, 1986 for driving with a suspended license. Diamond was found guilty in Philadelphia Traffic Court of the October 1986 citation; however, on his appeal to the Philadelphia County Court of Common Pleas, the conviction was overturned. The majority bases its decision on the October 1986 citation which is not before us. This, to me, is a collateral attack and is proscribed under our prior cases.

This case is governed by *Greene.* In that case, Greene received a ticket for following too closely behind another

vehicle. He testified that he paid the fine and figured everything was all right. Subsequently, he was stopped for driving while his license was under suspension. Like Diamond, Greene paid the fine for driving while his license was under suspension. The trial court sustained Greene's appeal from the department's revocation.

We stated the issue as follows:

Greene appealed the suspension of his operating privilege, arguing that, despite the fact that he did pay the fine and costs for violating Section 1543, the conviction could not support the later revocation of his operating privilege because he should not have been under suspension on the date that he was so cited. *Greene,* 112 [Pa.Commonwealth Ct.] at 415, 535 A.2d at 307.

We then ruled as follows:

The trial court erred as a matter of law in sustaining Greene's appeal. This Court has held repeatedly that the propriety of a criminal conviction cannot be attacked collaterally in a subsequent civil suspension proceeding. See *Department of Transportation, Bureau of Traffic Safety v. Williamson,* 91 Pa.Commonwealth Ct. 84, 496 A.2d 910 (1985). This Court, in the case of *Department of Transportation, Bureau of Traffic Safety v. Valentine,* 71 Pa.Commonwealth Ct. 8, 10, 453 A.2d 742, 743 (1982), held that "[i]t is clear that in a license suspension appeal the only issues are whether the license was in fact convicted and whether the Bureau has acted in accordance with applicable law. The underlying criminal conviction may not be challenged in a suspension appeal, which is civil in nature." The trial court clearly exceeded its scope of review in this case. Therefore, we reverse the order of the trial court and reimpose the six-month suspension. *Id.* [112 Pa.Commonwealth Ct.] at 415, 535 A.2d at 307–308.

I fail to see any meaningful distinction between *Greene* and this case. In both cases, the motorist attempted to attack a later charge of driving under a suspended license by contending that the earlier conviction and suspension were unwarranted.

Although at first blush the majority opinion has some equitable appeal, since Diamond was eventually found not guilty of the October 1986 charge of driving with a suspended license, he is in a dilemma of his own making. He had ample opportunity to contest the suspension of May 29, 1987. He did not do so, but continued to drive. He never notified the department of his acquittal and he did not contest the March 15, 1988 citation, which is the subject of the appeal presently before us. Instead, he paid the fine and assumably continued to drive.

Moreover, from the certified record submitted by the department it is apparent Diamond has been under an indefinite suspension since 1985 for failing to pass an exam which, according to the majority, "apparently was required because of an excessive accumulation of points." Notwithstanding the majority's reliance on Diamond's acquittal of the October 1986 citation, his license was still under an indefinite suspension when he was issued the citation on March 15, 1988.

I would reverse and adhere to this Court's well-established rule that "the propriety of a criminal conviction [i.e., the March 18, 1988 conviction] on appeal here cannot be attacked collaterally in a subsequent civil suspension hearing."