## PennDOT v. Sprague

*Marc A. Werlinsky, assistant counsel,* for PennDOT. *Steven A. Cotlar,* for defendant.

RUFE, *J.,* July 6, 1993—The Pennsylvania Department of Transportation, Bureau of Driver Licensing (PennDOT) appeals this court's order dated March 5, 1993 sustaining petitioner William F. Sprague's license appeal and dismissing the suspension of his operating privileges for a period of six months. The chronology of events is as follows.

On September 11, 1990, the defendant received a citation for speeding which was withdrawn by the issuing officer on September 28, 1990. On January 30, 1991, the Commonwealth of Pennsylvania erroneously notified the petitioner of the suspension of his license as a result of the speeding citation. On February 1, 1991, District Justice Leonard sent a letter to the Director of the Bureau of Licensing advising the director that the citation had been withdrawn. On October 5, 1991, defendant was stopped by a state trooper at which time he learned that his license was suspended. The defendant appealed his license suspension to this court

and on October 18, 1991, we signed an order for a hearing which included a supersedeas allowing defendant to retain his operating privileges pending appeal. Notice of the supersedeas was sent by defendant's attorney Steven Cotlar to PennDOT. On November 7, 1991 defendant was stopped in Wisconsin and issued a citation for driving a commercial motor vehicle without a certified driver's license. Defendant pleaded guilty to the offense and paid the applicable fine in order to leave the state, resulting in a conviction entered on December 13, 1991. PennDOT suspended defendant's license for a period of six months pursuant to 75 Pa.C.S. §1611 of the Motor Vehicle Code, which provides as follows:

"For purposes of the provisions of this section, a copy of a certified record of conviction or a copy of a certified record of administrative adjudication from a federal court or another state for an offense essentially similar to those offenses which would result in disqualification in this section shall be treated by the department as if the conviction had occurred in this Commonwealth." 75 Pa.C.S. §1611(h).

Defendant appealed this suspension and a hearing was held before this court on March 4, 1993. We received into evidence a certified copy of defendant's driving record which contained only an excerpt relating to the November 7, 1991 violation, and a copy of this court's supersedeas order dated October 18, 1991. After the hearing we sustained defendant's appeal and dismissed the suspension of defendant's operating privileges. PennDOT appeals this decision to the Commonwealth Court.

PennDOT argues that defendant cannot collaterally attack the criminal conviction of December 13, 1991 in a subsequent civil suspension appeal. After a review

of the applicable case law we stand by our previous decision. The case of *PennDOT, Bureau of Driver Licensing v. Diamond,* 151 Pa. Commw. 351, 616 A.2d 1105 (1992) is controlling. In *Diamond,* the defendant was convicted in 1986 in Philadelphia Traffic Court for driving while his operating privileges were suspended, in violation of section 1543 of the Motor Vehicle Code. Defendant appealed in April 1987, and was found not guilty of the section 1543 violation. PennDOT erroneously mailed to the defendant a notice of revocation based on the conviction in traffic court. However, defendant failed to take any action. On March 15, 1988, the defendant was again stopped and cited for a section 1543 violation. Defendant paid the fines on the citations in February 1990, resulting in a conviction. Defendant's operating privileges were restored in April 1990; however, a month later defendant received a notice revoking his operating privileges for two years based on the 1990 conviction. Defendant appealed this suspension to the Court of Common Pleas. The trial court held that the suspension based on the conviction was in error and sustained defendant's appeal. The Commonwealth Court affirmed.

Although courts have repeatedly held that a criminal conviction may not be collaterally attacked in a civil license suspension hearing, (see *PennDOT, Bureau of Driver Licensing v. Greene,* 112 Pa. Commw. 413, 535 A.2d 306 (1988)) the court concluded that Diamond's actions did not constitute the type of impermissible collateral attack which has consistently been prohibited. The court reasoned:

"Because the 1990 conviction was based on an underlying revocation ... it is proper for the trial court to examine both the current and the underlying convictions. Once Diamond was acquitted of the underlying offense, the 1987 conviction became a nullity,

and could not serve as the basis for the 1990 conviction, notwithstanding the fact that the conviction remained on DOT's certified record....

"He is not now attacking the 1987 conviction, but has already properly done so, resulting in an acquittal. Nor can we say that he is collaterally attacking the 1990 conviction which, as explained earlier, can not be based on a nullity." *PennDOT v. Diamond,* 616 A.2d at 1108.

Similarly, the defendant's actions in the instant case do not represent those of an impermissible collateral attack. The conviction of December 13, 1991 was based on an underlying revocation which was on appeal to this court at the time of the alleged violation. This court entered a supersedeas on October 18, 1991 permitting the defendant to operate his vehicle during the pendency of his appeal. Therefore, the defendant's license was *not* under suspension on November 7, 1991, the date of the alleged violation in Wisconsin. The conviction of December 13, 1991 cannot be based on a "nullity." Because the defendant's operating privileges were not under suspension on the date of the violation, the suspension is erroneous. For all the foregoing reasons, defendant William Sprague's license appeal was sustained and the suspension of his operating privileges was dismissed.