# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Blystone : 
 : 
           v. : No. 745 C.D. 2016
 : Submitted: September 30, 2016
Commonwealth of Pennsylvania, : 
Department of Transportation, : 
Bureau of Driver Licensing, : 
           Appellant : 

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE JOSEPH M. COSGROVE, Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**         **FILED: January 19, 2017**

      The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (Department) appeals from the Order of the Court of Common Pleas of Allegheny County (common pleas) that dismissed the appeal of James Blystone (Licensee)[1] from the suspension of his operating privileges under Section 1532(c)(1)(iii) of the Vehicle Code[2] but reduced Licensee's suspension from two

---

[1] By Order dated September 23, 2016, this Court precluded Licensee from participating in this appeal due to his failure to file a brief.

[2] 75 Pa. C.S. § 1532(c)(1)(iii). Section 1532(c)(1)(iii) provides, in relevant part, that:

The department shall suspend the operating privilege of any person upon receiving a certified record of the person's conviction of any offense involving the

*(Continued…)*

years to one year. On appeal, the Department argues that common pleas erred in reducing Licensee's suspension based on the remoteness of two of his prior convictions because Section 1532(c)(1) of the Vehicle Code does not limit the look-back period for prior convictions under The Controlled Substance, Drug, Device and Cosmetic Act[3] (Drug Act). For the following reasons, we reverse.

The facts are undisputed. On January 6, 2016, Licensee was convicted of violating Section 13(a)(16) of the Drug Act, 35 P.S. § 780-113(a)(16) (related to knowingly or intentionally possessing a controlled or counterfeit substance by one not authorized under the Drug Act), on September 7, 2014. Licensee previously was convicted of violating Section 13(a)(16) of the Drug Act on: January 22, 1999 for a violation on August 15, 1998; July 3, 2001 for a violation on May 25, 2000; and October 9, 2013 for a violation on December 5, 2012.[4] This being Licensee's fourth conviction for violating the Drug Act, the Department notified him by letter mailed January 22, 2016 that it was suspending his operating privilege for two

---

possession, sale, delivery, offering for sale, holding for sale or giving away of any controlled substance under the laws of the United States, this Commonwealth or any other state, . . .

    (1) The period of suspension shall be as follows:
    . . . .
    (iii) For a third and any subsequent offense thereafter, a period of two years from the date of the suspension.

Id.

[3] Act of April 14, 1972, P.L. 233, as amended, 35 P.S. §§ 780-101—780-144.

[4] These prior convictions resulted in the suspension of Licensee's operating privilege under Section 1532(c)(1) of the Vehicle Code for periods of: six months for the first offense; six months for the second offense (which should have been a one-year suspension); and two years for the third offense. Licensee appealed the two-year suspension, his appeal was dismissed by common pleas, and the two-year suspension was reinstated.

years, effective April 1, 2018, pursuant to Section 1532(c) of the Vehicle Code. Licensee appealed the suspension to common pleas.

At the de novo hearing before common pleas, the Department submitted certified documents reflecting Licensee's multiple convictions under the Drug Act and multiple suspensions of his operating privilege under the Vehicle Code, which were admitted into evidence. Licensee testified that he had not been in trouble since 2014, his license had been suspended since 2014, and he had not been driving while his license was suspended. (R.R. at 14a.) Licensee stated that he was doing what he was supposed to be doing and was ready to get his license back. Common pleas held that two of Licensee's prior convictions were from 15 years ago, Licensee's cases were "very old," and it was "going to make it a one-year suspension," "[w]hether the statute makes a differentiation or not." (R.R. at 17a.) Therefore, common pleas dismissed Licensee's appeal but reduced the suspension from two years to one year.

The Department appealed and, at common pleas' direction, filed a Concise Statement of Errors Complained of on Appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure (Statement).[5] In the Statement, the

---

[5] Pa. R.A.P. 1925(b). Rule 1925 provides, in pertinent part, as follows:

**(a) Opinion in support of order.**
(1) *General rule.*-- Except as otherwise prescribed by this rule, upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.

* * *

**(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.**--If the judge entering the order giving rise

*(Continued…)*

Department argued that common pleas erred by reducing Licensee's suspension to one year because, unlike Section 3806(b) of the Vehicle Code,[6] Section 1532(c) does not include a time restriction on what constitutes a prior conviction for violating the Drug Act. (R.R. at 65a.) Common pleas issued an opinion in support of its Order, pursuant to Rule 1925(a), that acknowledged that Section 1532(c) "does not contain a time restriction for the look-back period." (Op. at 2.) However, common pleas noted that the look-back period for convictions for driving under the influence of alcohol or a controlled substance (DUI) is limited to 10 years, and held that two of Licensee's Drug Act convictions occurred more than 14 years ago and "the public safety purpose of the statute is not implicated when convictions that occurred over a decade ago are factored into the penalty to increase the license suspension." (Id.)

On appeal,[7] the Department makes the following arguments. Common pleas erred by reducing Licensee's suspension from two years to one year based on

_____

to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

Pa. R.A.P. 1925(a), (b).

[6] 75 Pa. C.S. § 3806(b). This section defined "prior offenses" for the purposes of imposing penalties under the Vehicle Code for driving under the influence of alcohol or a controlled substance, including a suspension of operating privileges under Section 3804(e), 75 Pa. C.S. § 3804(e), as "includ[ing] any conviction . . . within the [10] years before the sentencing on the present violation." 75 Pa. C.S. § 3806(b). Section 3806(b) was amended by the Act of May 25, 2016, P.L. 236, effective immediately, and continues to contain the 10-year look-back period, stating that "the prior offense must have occurred[] within 10 years prior to the date of the offense for which the defendant is being sentenced . . . ." 75 Pa. C.S. § 3806(b)(i).

[7] Our review of common pleas' "decision in a license suspension case is limited to determining whether [common pleas'] findings of facts are supported by competent evidence and whether [common pleas] committed an error of law or an abuse of discretion in reaching its

*(Continued…)*

4

a conclusion that two of Licensee's Drug Act convictions were too old. Had the General Assembly intended to exclude older Drug Act convictions from the enhancement provisions of Section 1532(c)(1)(i)-(iii), it could have done so and it is not for common pleas, or this Court, to add language to the statute. Mohamed v. Dep't of Transp., Bureau of Motor Vehicles, 40 A.3d 1186, 1194-95 (Pa. 2012). Therefore, because the General Assembly did not include a 10-year look-back period in the plain language of Section 1532(c)(1), common pleas erred in adding one.

Section 1532(c)(1)(iii) provides that "[t]he department *shall* suspend the operating privilege of any person upon receiving a certified record of the person's conviction of any offense involving the possession, sale, delivery, offering for sale, holding for sale or giving away of any controlled substance under," *inter alia*, the Drug Act, and that "[t]he period of suspension *shall* be . . . [f]or a third and any subsequent offense thereafter, a period of two years from the date of the suspension." 75 Pa. C.S. § 1532(c)(1)(iii) (emphasis added). The Department bears the burden of proving the existence of the drug convictions, and it may meet this burden "by submitting into evidence its certified record of conviction." Carter v. Dep't of Transp., Bureau of Driver Licensing, 838 A.2d 869, 872 (Pa. Cmwlth. 2003). "[O]nce [the Department] has introduced, via a certified record, evidence of a conviction, [it] has met its burden of production and established a rebuttable presumption that a conviction exists. Absent clear and convincing evidence[8] that

---

decision." Orloff v. Dep't of Transp., Bureau of Driver Licensing, 912 A.2d 918, 922 n.7 (Pa. Cmwlth. 2006) (citation omitted).

[8] "'Clear and convincing evidence' has been defined as 'evidence that is so clear and direct as to permit the trier of fact to reach a clear conviction, without hesitancy, as to the truth of the facts at issue.'" Mateskovich v. Dep't of Transp., Bureau of Driver Licensing, 755 A.2d 100,

*(Continued…)*

the record is erroneous, this presumption becomes conclusive on the issue of the conviction." Dep't of Transp., Bureau of Driver Licensing v. Diamond, 616 A.2d 1105, 1107-08 (Pa. Cmwlth. 1992). "To rebut a prima facie case established by a certified conviction record, the licensee must either challenge the regularity of the record, or introduce direct evidence showing that the record is incorrect and that the conviction was never entered." Dick v. Dep't of Transp., Bureau of Driver Licensing, 3 A.3d 703, 707 (Pa. Cmwlth. 2010).

Here, the Department presented certified documents showing that Licensee had been convicted four times for violating the Drug Act, thereby creating the rebuttable presumption that those convictions exist. Diamond, 616 A.2d at 1107-08. Licensee did not present evidence challenging the regularity of those records, showing that the records were incorrect, or establishing that he was not convicted as described in the records. Accordingly, there was no clear and convincing evidence that those records were erroneous and, therefore, they became conclusive as to Licensee's convictions. Dick, 3 A.3d at 707; Diamond, 616 A.2d at 1107-08. Therefore, by its express terms, Section 1532(c)(1)(iii) required that the Department suspend Licensee's operating privilege for a period of two years.

Notwithstanding the language of Section 1532(c)(1)(iii), common pleas reduced Licensee's suspension to one year. However, "where the language of a statute is plain and unambiguous, . . . courts may not set aside that language in order to pursue their own interpretation of what the legislature actually intended." Dick, 3 A.3d at 708. It is well-settled that courts "have no authority to add or insert language into a statute" and should not, through interpretation, add a

---

102 n.6 (Pa. Cmwlth. 2000) (quoting Sharon Steel Corp. v. Workmen's Comp. Appeal Bd. (Myers), 670 A.2d 1194, 1199 (Pa. Cmwlth. 1996)).

6

requirement that the General Assembly did not include.  Summit School, Inc. v. Department of Education, 108 A.3d 192, 199 (Pa. Cmwlth. 2015).  "[W]here the legislature includes specific language in one section of a statute and excludes it from another, it should not be implied where excluded." Pennsylvania State Police, Bureau of Liquor Control Enforcement v. Prekop, 627 A.2d 223, 226 (Pa. Cmwlth. 1993).  In reducing Licensee's suspension based on the timing of two of his convictions, common pleas added a limitation to Section 1532(c)(1) that is not included in its plain language.  If the General Assembly had intended to limit the look-back period for Drug Act convictions, it could have done so as it had for DUI convictions.  However, the General Assembly did not create such a limitation and therefore, one should not have been implied or added by common pleas.  Summit School, Inc., 108 A.3d at 199; Prekop, 627 A.2d at 226.  Moreover, common pleas' reliance on the "public safety purpose" of the Vehicle Code to incorporate a 10-year limit on the look-back period was not warranted because enhanced suspension provisions have been found to serve many purposes.  See, e.g., Plowman v. Dep't of Transp., Bureau of Driver Licensing, 635 A.2d 124, 126-27 (Pa. 1993) (holding that the purposes of suspending a licensee's operating privilege for violating the Drug Act is to "protect[] against [] the proliferation of drug use" and to deter drug use);[9] Dick, 3 A.3d at 708 (reviewing the enhanced suspension provisions for multiple prior offenses for DUI under Section 3806(b) and stating that

_____

[9] Plowman examined former Section 13(m) of the Drug Act, *formerly* 35 P.S. § 780-113(m), which like Section 1532(c)(1) required the suspension of a licensee's operating privilege based on a conviction for violating the Drug Act and included almost identical enhanced suspensions, including up to a two-year suspension for a third and subsequent conviction. Former Section 13(m) was repealed by Section 7 of the Act of June 28, 1993, P.L. 137, Section 1532(c) was added to the Vehicle Code by Section 3 of the same act, and both were effective in 60 days.

"enhancements are justified on the grounds that a defendant, who has once had the benefit of the penal system, yet chooses to ignore that benefit and reoffend, merits harsher punishment than a first offender"); Lesko v. Dep't of Transp., Bureau of Driver Licensing, 657 A.2d 1007, 1010 (Pa. Cmwlth. 1995) ("The courts of this Commonwealth have consistently adhered to the principle that our legislature enacted [legislation to require the suspension of an individual's operating privilege for a Drug Act conviction] to send a strong message that neither possession, nor use of illegal drugs, will be tolerated.")

Accordingly, common pleas erred in reducing the period of Licensee's suspension from two years to one year in contravention of the plain language of Section 1532(c)(1)(iii). We therefore will reverse common pleas' Order reducing the suspension of Licensee's operating privilege from two years to one year, and reinstate Licensee's two-year suspension.

 

_____

**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Blystone           :
                                       :
          v.                  :   No. 745 C.D. 2016
                                         :
Commonwealth of Pennsylvania,  :
Department of Transportation,   :
Bureau of Driver Licensing,     :
                Appellant   :

## O R D E R

**NOW**, January 19, 2017, the Order of the Court of Common Pleas of Allegheny County, entered in the above-captioned matter, is hereby **REVERSED** to the extent that it reduced the suspension of James Blystone's (Licensee) operating privilege from two years to one year, and the two-year suspension of Licensee's operating privilege is reinstated.

_____

**RENÉE COHN JUBELIRER,** Judge