IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bonnie Jean Klingensmith,          :
                    Appellant       :
                                    :
        v.                          :       No. 1062 C.D. 2023
                                    :
Commonwealth of Pennsylvania,       :       Submitted: October 8, 2024
Department of Transportation,       :
Bureau of Driver Licensing          :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE LORI A. DUMAS, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                            FILED: November 20, 2024


        Bonnie Jean Klingensmith (Licensee), proceeding *pro se*, appeals from
an August 16, 2023 order entered by the Court of Common Pleas of Allegheny
County (trial court), dismissing her statutory appeal from the October 4, 2019
suspension of her driver's license imposed by the Department of Transportation,
Bureau of Driver Licensing (DOT).  Upon review, we affirm.

## I.      FACTS AND PROCEDURAL HISTORY

        On September 23, 2019, Licensee was convicted of driving under the
influence  (DUI) with a blood alcohol concentration in the individual's blood or
breath of 0.16 % or greater pursuant to Section 3802(c) of the Pennsylvania Vehicle

Code, 75 Pa.C.S. § 3802(c).[1]  Licensee then filed a timely appeal of her conviction to the trial court.[2]

As a civil collateral consequence of certain driving offenses, the Vehicle Code mandates that DOT suspend a licensee's driver's license for a certain period of time, depending on the severity of the offense and any prior offenses. Section 3804(e)(1) of the Vehicle Code, 75 Pa.C.S. § 3804(e)(1).  On October 4, 2019, DOT notified Licensee that her driver's license was suspended for 18 months pursuant to 75 Pa.C.S. § 3804(e)(2)(ii), because of her September 23, 2019 conviction.[3]  Thereafter, Licensee filed a timely appeal of her license suspension with the trial court. (Trial Ct. Op. at 1.)

On August 16, 2023, after Licensee had exhausted all appeals relating to her criminal conviction, the trial court held a hearing at which both DOT and the Licensee had the opportunity to present evidence and argument.  At the conclusion of the hearing, the trial court entered an order dismissing Licensee's appeal.  *Id.*

---

[1] Section 3802(c) of the Vehicle Code, 75 Pa.C.S. § 3802(c), provides:
**Highest rate of alcohol.--**An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.
75 Pa.C.S. § 3802(c).

[2] Licensee sought relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Her initial case was dismissed on July 27, 2021.  (Supplemental Record (S.R.) at 4.) Licensee then appealed the dismissal to the Superior Court, which also dismissed her petition on October 13, 2022.  (S.R. at 4-7.)  Finally, Licensee filed a Petition for Allowance of Appeal in the Pennsylvania Supreme Court, which was denied on August 16, 2023. (Supplemental Reproduced Record (S.R.R.) at 39, Ex. 4.)

[3] Section 3804(e)(2)(ii) of the Vehicle Code provides for an 18-month license suspension for a misdemeanor of the first degree or felony of the second or third degree.  75 Pa.C.S. § 3804(e)(2)(ii).

Thereafter, by opinion dated August 16, 2023, the trial court explained that it had dismissed Licensee's challenge to her license suspension because DOT had established the finality of Licensee's underlying conviction by entering Licensee's certified driving record into evidence at the hearing, along with docket sheets from the Court of Common Pleas, Criminal Division, the Superior Court of Pennsylvania, and the Pennsylvania Supreme Court, relating to Licensee's underlying criminal conviction. The trial court held that "[t]hese exhibits established that the underlying conviction for violating 75 Pa.C.S. § 3802(c) was final." (Trial Ct. Op. at 2.)

After DOT entered its evidence pertaining to the finality of Licensee's conviction, Licensee testified on her own behalf. According to the trial court, "[Licensee's] defense attempted to argue the merits of the underlying conviction" rather than disputing the finality of the conviction. (Trial Ct. Op. at 2.) The trial court then stated that "a trial court must limit itself to determining whether the conviction in question actually occurred, and may not entertain a collateral attack on the validity of the underlying conviction . . . . The trial court may not conduct any inquiry into whether the licensee should have been convicted." *Id.* (quoting *Dick v. Department of Transportation, Bureau of Driver Licensing,* 3 A.3d 703, 709 (Pa. Cmwlth. 2010)). The trial court then dismissed the case because Licensee "was convicted of this offense and the conviction was affirmed." (Trial Ct. Op. at 2.)

Licensee then appealed to this Court.

## II.    DISCUSSION

Licensee raises the following two issues on appeal:

(1) whether the trial court erred or abused its discretion when it failed to allow Licensee to present evidence relating to the DL-26B form[4] that is required by Law

---

[4] The DL-26B Form, entitled "Chemical Test Warnings and Report of Refusal to Submit to a Breath Test as Authorized by Section 1547 of the Vehicle Code in Violation of Section 3802," **(Footnote continued on next page…)**

Enforcement to be read to Licensee and signed by Licensee and Police Officer; and

(2) whether the trial court erred or abused its discretion in failing to allow Licensee to present evidence of the laboratory error that determines DOT punishment.

(Licensee's Br. at 4.) As relief, Licensee seeks "an opportunity to present evidence pertaining to the DL-26B form and Certification of Request For Blood or Urine Testing Under the [] Vehicle Code form resulting in a laboratory error . . . ." *Id.* at 10. In response, DOT contends that this Court should affirm the trial court's order because the court correctly held that Licensee cannot collaterally attack her criminal conviction in the civil appeal of her resulting license suspension.

We agree with DOT. "Our standard of review in a license suspension case is to determine whether the factual findings of the trial court are supported by [substantial] evidence and whether the trial court committed an error of law or an abuse of discretion." *Pettit v. Department of Transportation, Bureau of Driver Licensing*, 315 A.3d 268, 272 n.6 (Pa. Cmwlth. 2024).

This Court's appellate jurisdiction extends only to civil proceedings involving the suspension of a driver's license resulting from a criminal conviction. The law is well settled that "the propriety of a criminal conviction may not be collaterally attacked in a civil license suspension hearing." *Department of Transportation, Bureau of Driver Licensing v. Diamond,* 616 A.2d 1105, 1108 (Pa. Cmwlth. 1992). *See also Spagnoletti v. Department of Transportation, Bureau of Driver Licensing,* 90 A.3d 759, 769 (Pa. Cmwlth. 2013); *Department of Transportation, Bureau of Driver Licensing v. Granberg*, 633 A.2d 1334, 1335 (Pa.

---

sets forth the prescribed language of the warning to be given to motorists arrested for DUI about the penalties for refusing chemical tests. Police use the DL-26B form to comply with the requirements of Section 1547 of the Vehicle Code, 75 Pa.C.S. § 1547, during DUI arrests.

Cmwlth. 1993); *Department of Transportation, Bureau of Driver Licensing v. Doyle*, 616 A.2d 201, 202 (Pa. Cmwlth. 1992). "The Court may not consider whether a licensee *should have been convicted;* we may consider only whether he *was* convicted." *Kozieniak v. Department of Transportation, Bureau of Driver Licensing*, 100 A.3d 326, 329 (Pa. Cmwlth. 2014) (quoting *Commonwealth v. Bursick*, 584 A.2d 291, 294 (Pa. 1990)) (emphasis in original). *See also Piasecki v. Department of Transportation, Bureau of Driver Licensing,* 6 A.3d 1067, 1071 (Pa. Cmwlth. 2010) ("a licensee may not collaterally attack an underlying criminal conviction in a civil license proceeding").

In any appeal of that suspension, DOT must first establish a *prima facie* case that a record of conviction supports a license suspension. *Diamond,* 616 A.2d at 1108 (holding that once DOT has introduced by certified record evidence of a conviction, DOT has met its burden of production and established a rebuttable presumption that the conviction exists); *see also Roselle v. Department of Transportation, Bureau of Driver Licensing,* 865 A.2d 308, 313 (Pa. Cmwlth. 2005) ("When DOT offers into evidence a certified conviction report, DOT creates a presumption that the licensee was convicted of the offense in the report."). In this case, DOT produced an official record of the conviction supporting the suspension at the hearing before the trial court. (Trial Ct. Op. at 2.) "Absent clear and convincing evidence that the record is erroneous, this presumption becomes conclusive on the issue of conviction." *Diamond,* 616 A.2d at 1107-08. *See also Roselle*, 865 A.2d at 313 ("To overcome the presumption, the licensee needs to present clear and convincing evidence that he or she was not convicted of the offense.").

Once DOT entered evidence before the trial court that Licensee had been convicted and the conviction was final, Licensee had the burden to overcome the rebuttable presumption that she was convicted of these offenses by clear and

convincing evidence that the record was erroneous. *Id.* "Clear and convincing evidence is 'evidence that is so clear and direct as to permit the trier of fact to reach a clear conviction, without hesitancy, as to the truth of the facts at issue.'" *Spagnoletti,* 90 A.3d at 766 (quoting *Mateskovich v. Department of Transportation, Bureau of Driver Licensing*, 755 A.2d 100, 102 n.6 (Pa. Cmwlth. 2000)). However, after DOT entered its exhibits into evidence, Licensee presented no evidence to rebut the evidence presented by DOT. Therefore, as noted above, the presumption that Licensee was convicted of the offense became conclusive. *Diamond,* 616 A.2d at 1107-08.

Licensee now seeks to be allowed to prove the existence of errors relating to her criminal conviction before this Court. Licensee argues that the trial court abused its discretion in her civil appeal of her license suspension 1) because it did not allow her to present evidence related to the DL-26B form from her criminal DUI case, and 2) because it did not allow her to present evidence relating to an alleged laboratory error that occurred in her criminal DUI case. (Licensee's Br. at 4.) Licensee's sole remedy for relief from any errors relating to her DUI conviction would have been to obtain post-conviction relief from her criminal conviction. The record here reveals that Licensee attempted to do this and was not successful.

6

### III. CONCLUSION

Because Licensee has failed to establish that the factual findings of the trial court were not supported by substantial evidence or that the trial court committed an error of law or an abuse of discretion, we affirm the trial court's decision.

_____
PATRICIA A. McCULLOUGH, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bonnie Jean Klingensmith,                      :
                          Appellant            :
                                  :
        v.                                       :      No.1062 C.D. 2023
                                  :
Commonwealth of Pennsylvania,        :
Department of Transportation,             :
Bureau of Driver Licensing                  :

## ***ORDER***

AND NOW, this 20th day of  November, 2024, the August 16, 2023 Order of the Court of Common Pleas of Allegheny County is AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge