632 A.2d 635

**Carl W. RUBY, Petitioner,**

v.

**DEPARTMENT OF TRANSPORTATION, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 27, 1993.

Decided Oct. 1, 1993.

Carl W. Ruby, pro se.

Steven I. Roth, Asst. Counsel, for respondent.

Before McGINLEY and PELLEGRINI, Judges, and LORD, Senior Judge.

McGINLEY, Judge.

Presently before this Court are the preliminary objections of the Pennsylvania Department of Transportation (DOT) to the petition for review of Carl W. Ruby (Ruby) filed in our original jurisdiction.[1]

On July 15, 1990, Ruby was convicted of violating Section 3731 (driving under the influence of alcohol or a controlled substance) of the Vehicle Code, 75 Pa.C.S. § 3731. Ruby's operating privileges were suspended for a one-year period. On March 2, 1991, Ruby was convicted of driving while intoxicated in Maryland and Ruby received a six-month suspension from DOT. On April 11, 1991, Ruby was convicted of violating Section 1543 (driving while operating privilege is suspended or revoked) of the Vehicle Code, 75 Pa.C.S. § 1543. Ruby's operating privileges were suspended for another one-year period.

In December of 1992, Ruby requested that DOT reinstate his driving privileges as a result of his successful completion of the two and one-half year suspension. On December 23, 1992, DOT notified Ruby that "[t]his letter will acknowledge receipt of the affidavit you surrendered 12/18/92 to serve your suspen-

1. On June 4, 1993, this Court issued an order vacating a prior order directing DOT to certify the record and treating the present matter under our original jurisdiction.

sion" and that "[c]redit toward serving your sanction began on 12/18/92." Letter of December 23, 1992, from Douglas K. Tobin to Ruby. DOT informed Ruby that his driving privileges would be restored on June 18, 1995.

On January 26, 1993, Ruby filed a petition for review and relief alleging:

1. On July 15, 1990, Appellant was sentenced for driving while intoxicated in the Court of Common Pleas, Bedford, PA for driving while intoxicated. The arresting officer took appellant's drivers [sic] license and did not return them.

. . . .

5. In December 1992, Appellant attempted to have his driving privileges reinstated, believing that his suspension was up as his driving license were [sic] taken on July 15, 1990 and 2 and one half years after that date would be December 1992.

6. On December 28, 1992, Appellant received documentation, dated December 23, 1992 from the Department of Transportation, Bureau of Drivers Licensing, claiming that Appellant did not send in an affidavit in July 1990, therefore his driving privileges would not be restored until June 18, 1995 and back credit was not entitled. This being the case, appellant has lost his driving privileges for five (5) years instead of the 2 and one half years due to an administrative error on someone's part other than appellant.

. . . .

B. Appellant was represented at trial by an attorney, yet this attorney failed to properly proceed, knowledgeable of the law, and have an affidavit forwarded in July 1990.

C. The court failed to forward, or advise appellant, to have forwarded an affidavit in July 1990.

D. The police department who took appellant's drivers license, failed to forward an affidavit, or advise appellant to have forwarded an affidavit.

E. The Prothonotary failed to advise appellant to forward an affidavit.

F. According to the enclosed documentation from the Prothonotary, there is no indication that appellant's drivers [sic] license were suspended. In accordance with section 1514, Title 75, it was the responsibility of the court, district attorney, and the Department of Transportation to notify Appellant. All three of these branches of government failed, however, the arresting officer had already taken appellant's drivers license.

G. The Department of Transportation failed to notify appellant concerning any form of an affidavit.

7. The extra year tacked on to the suspension of July 1990 was for driving while under suspension. Appellant submit [sic]:

A. How could appellant be charged with driving under suspension on April 11, 1991 when his suspension did not begin until December 1992?

Petition for Review and Relief, July 26, 1993, Paragraphs 1, 5, 6(B–G) and 7A. Ruby seeks credit for time served on the two and one-half year suspension and also seeks to void the April 11, 1991, conviction.

DOT filed preliminary objections to the petition raising the following issues for our consideration: whether Ruby has stated a claim upon which relief can be granted and whether this Court has subject matter jurisdiction?

When reviewing preliminary objections in the nature of a demurrer we consider as true all well-pleaded facts which are material and relevant. *Curtis v. Cleland,* 122 Pa.Commonwealth Ct. 328, 552 A.2d 316 (1988). Preliminary objections shall be sustained only when they are clear and free from doubt and the law will not permit recovery. *Id.* "Where any doubt exists as to whether the preliminary objection should be sustained that doubt should be resolved by a refusal to sustain it." *Id.,* at 322, 552 A.2d at 318.

Initially, DOT contends that Ruby is improperly challenging his suspension by attacking his prior arrest and conviction. Ruby asserts that he cannot be convicted of driving under

suspension if his suspension did not begin until December 23, 1992.

In *Department of Transportation, Bureau of Driver Licensing v. Greene*, 112 Pa.Commonwealth Ct. 413, 535 A.2d 306 (1988) the licensee was charged with following too closely behind a vehicle. The licensee was later charged with driving under suspension. The licensee "paid the earlier citation and the fines and costs for the current charge of driving under suspension." *Id.*, at 414, 535 A.2d at 537. The Department notified the licensee by official notice that his operating privileges were suspended for a six-month period. The licensee appealed the suspension to the Court of Common Pleas of Allegheny County "arguing that, despite the fact that he did pay the fine and costs for violating Section 1543, the conviction could not support the later revocation of his operating privilege because he should not have been under suspension on the date that he was so cited." *Id.*, at 415, 535 A.2d at 307. The common pleas court sustained the licensee's appeal.

On appeal we stated:

This Court held repeatedly that the propriety of a criminal conviction cannot be attacked collaterally in a subsequent civil suspension proceeding. See *Department of Transportation, Bureau of Traffic Safety v. Williamson*, 91 Pa.Commonwealth Ct. 84, 496 A.2d 910 (1985). This Court, in the case of *Department of Transportation, Bureau of Traffic Safety v. Valentine*, 71 Pa.Commonwealth Ct. 8, 10, 453 A.2d 742, 743 (1982), held that '[i]t is clear that in a license suspension appeal the only issues are whether the licensee was in fact convicted and whether the Bureau has acted in accordance with applicable law. The underlying criminal conviction may not be challenged in a suspension appeal, which is civil in nature.' The trial court clearly exceeded its scope of review in this case.

*Greene*, 112 Pa.Commonwealth Ct. at 415, 535 A.2d at 307–08.

■ In the present controversy Ruby admits that he was arrested and convicted of driving under suspension and that he received a one-year suspension. Ruby cannot now attack

this underlying criminal conviction in an effort to challenge his suspension.

■ DOT next contends that this Court lacks jurisdiction because Ruby has failed to exhaust all available administrative remedies and that the Commonwealth Court does not have jurisdiction over criminal appeals.

Sections 1540 and 1541 of the Vehicle Code, 75 Pa.C.S. §§ 1540 and 1541 set forth the criteria for calculating the starting date of a suspension. Section 1540(b) of the Vehicle Code, 75 Pa.C.S. § 1540(b) provides that "[t]he suspension, revocation or disqualification . . . shall be effective upon a date determined by the department or the date of surrender of the license to the department if that date is subsequent to the department's notice to surrender the license, whichever occurs first." Section 1541(a) provides that "[n]o credit toward the revocation or suspension shall be earned until the driver's license is surrendered to the department, the court or the district attorney, as the case may be." Finally, Section 1541(b) provides that "[a]ny person whose operating privilege has been revoked or suspended shall not be eligible for the restoration of the operating privilege until the expiration of the period of revocation or suspension." This Court has previously interpreted these sections as exclusively authorizing DOT to address all questions concerning suspension and restoration of a licensee's operating privilege. *See Department of Transportation, Bureau of Driver Licensing v. Sullivan*, 140 Pa.Commonwealth Ct. 10, 594 A.2d 791 (1991). Also, 1 Pa.Code § 35 and 67 Pa.Code § 491 detail the administrative relief available to a licensee. The various administrative remedies were outlined by this Court in *Department of Transportation, Bureau of Driver Licensing v. Cardell*, 130 Pa.Commonwealth Ct. 516, 568 A.2d 999 (1990).

In *Cardell* this Court stated:

Appellee, however, is not without a remedy. He can seek administrative relief by asking DOT for a formal computation of credit. If Appellee is dissatisfied with this computation, he may file an appeal and present his case before a

hearing examiner. Appellee may then file exceptions reviewed by the Secretary of Transportation. Appellee may appeal the Secretary's final adjudication to this Court. The aforementioned procedures, set forth in 1 Pa.Code § 35, provide Appellee with various administrative remedies which he must exhaust before this Court can afford him any relief.

*Id.* at 520, 568 A.2d at 1001. Ruby's failure to exhaust his administrative remedies deprived DOT of the opportunity to develop an adequate factual record and to address and correct any possible mistakes.

Accordingly, we sustain DOT's preliminary objections and dismiss the petition.[2]

## ORDER

AND NOW, this 1st day of October, 1993, the preliminary objections are sustained and the petition for review is dismissed.

---

2. Because of the determination that Ruby must exhaust his administrative remedies, we need not address DOT's second argument concerning whether this Court has jurisdiction over criminal appeals.