**Harold HOWARD, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted May 20, 2013.

Decided June 10, 2013.

Publication Ordered July 22, 2013.

---

Harold Howard, pro se.

Terrance M. Edwards, Assistant Counsel, Harrisburg, for respondent.

OPINION BY Senior Judge QUIGLEY.

The Commonwealth of Pennsylvania, Department of Transportation (DOT), has filed a preliminary objection to the *pro se* original jurisdiction petition for review filed by Harold Howard (Howard). Howard seeks an order of Court requiring DOT to reinstate his operating privilege where DOT suspended his driver's license for failure to submit to chemical testing pursuant to Section 1547 of the Vehicle Code, 75 Pa.C.S. § 1547, often called the Implied Consent Law. We agree with DOT that Howard failed to exhaust his statutory remedy and, therefore, sustain the preliminary objection and dismiss the petition for review.

In his April 4, 2013 petition for review, Howard alleges as follows. On January 24, 2010, Howard was arrested for driving under the influence, a violation of 75 Pa. C.S. § 3802. By letter of February 12, 2010,[1] DOT notified Howard that his operating privilege was suspended for one year effective March 19, 2010 for his refusal to submit to chemical testing on January 24, 2010. Howard appealed DOT's suspension of his operating privilege to the Court of Common Pleas of Montgomery County (common pleas court) on March 15, 2010, and the Honorable Gary S. Silow denied his appeal.

Howard's allegations are less than clear as to what transpired next. It appears, however, that he attempted to file a "per-

---

1. Howard avers that DOT's suspension notice was dated February 5, 2010, but he did not attach the suspension notice to his petition for review. DOT attached to its preliminary objection a February 12, 2010 suspension notice. Even though we are to accept Howard's averments as true for preliminary objection purposes, the date of the suspension notice is not material to the disposition of DOT's preliminary objection. We will use the correct dates where Howard provides dates that are inconsistent with court orders or DOT forms issued in the regular course of business; both are verifiable. *See* Pa.R.E. 201 (relating to judicial notice of adjudicative facts).

mission to file notice of appeal nunc pro tunc" with this Court. On September 13, 2010, our Chief Clerk sent Howard's "permission to file notice of appeal nunc pro tunc" to the common pleas court pursuant to Pa. R.A.P. 905.[2]

Howard further alleges that he was found not guilty of driving under the influence in 2011 and, as a result of the not guilty verdict, he believed that the license suspension was lifted. On April 29, 2011, Howard's license expired. In 2013, Howard sought to have his license reinstated but DOT refused his request because Howard had not sent his license to DOT.[3]

Howard claims that DOT's suspension of his license for failure to submit to chemical testing was flawed because the January 24, 2010 DL–26 form[4] did not have the required number of signatures and because DOT's suspension of his license was arbitrary and effectuated without due process. Howard claims that he lacks any other adequate remedy at law; he seeks an order compelling DOT to reinstate his operating privilege.

DOT filed a preliminary objection to Howard's petition for review, alleging that Howard failed to state a claim for relief where he did not exhaust his statutory remedy. DOT attached to its preliminary objection the docket entries for Howard's license suspension appeal before the court of common pleas. It appears that after this Court advised the common pleas court of Howard's erroneously filed "permission to file notice of appeal nunc pro tunc", the matter sat idle for more than two years. The docket entries show that the prothonotary terminated the case on January 29, 2013, after advising Howard of the proposed termination in a September 28, 2012 Notice of Termination. See Pa. R.C.P. No. 230.2 (relating to termination for lack of activity).[5]

Howard filed an answer to DOT's preliminary objection. The answer reiterates his position that the police officer involved in his DUI arrest failed to acquire additional signatures on the DL–26 form (thus invalidating the request for chemical testing) and failed to read him the Implied Consent warnings. He further responds that the matter is properly within our original jurisdiction.[6]

---

**2.** When a notice of appeal from an order of the court of common pleas is erroneously filed in the appellate court rather than the court of common pleas, the Chief Clerk must preserve the filing date and transmit the notice of appeal to the appropriate court of common pleas. Pa.R.A.P. 905(a). Upon payment of an additional fee, the notice of appeal is then deemed filed in the court of common pleas as of the date filed in the appellate court. Pa.R.A.P. 905(a)(4).

**3.** A licensee does not begin to receive credit toward serving a license suspension until the licensee surrenders his license to DOT. See 75 Pa.C.S. §§ 1540–1541.

**4.** DOT DL–26 form advises a licensee of a police officer's request for chemical testing, the type of testing to be performed, and the consequences for refusing to submit to chemical testing.

**5.** We may take judicial notice of these facts because the common pleas court's order and Howard's subsequent failure to appeal that termination are not subject to reasonable dispute and can be verified by resorting to sources whose accuracy cannot be questioned. Pa.R.E. 201(b).

**6.** In his brief in opposition to DOT's preliminary objections, Howard argues that there is an absence of an available remedy since three years have lapsed and the court has not acted on his notice of appeal; therefore, he should not be required to exhaust his statutory appeal rights. On this point, Howard is correct that the common pleas court docket does not evidence the filing of his "permission to file notice of appeal nunc pro tunc". As explained in footnote 2, however, the appeal is not deemed filed until payment of the additional fee. Nevertheless, the prothonotary held this matter open for a period of two

██ "When reviewing preliminary objections in the nature of a demurrer we consider as true all well-pleaded facts which are material and relevant." *Ruby v. Dep't of Transp.*, 158 Pa.Cmwlth. 631, 632 A.2d 635, 636 (1993). Preliminary objections should only be sustained when it is clear and free from doubt that the law will not permit recovery. *Id.* Where doubt exists as to whether the preliminary objections should be sustained, that doubt should be resolved by refusing to sustain the preliminary objections. *Id.*

██ We agree with DOT that Howard failed to exhaust his statutory remedies and, therefore, this Court lacks jurisdiction over Howard's petition for review. A party is required to exhaust its statutory remedies before seeking redress with a court of competent jurisdiction. *Jackson v. Centennial Sch. Dist.*, 509 Pa. 101, 501 A.2d 218 (1985) (where a statutory remedy is provided that procedure must be strictly pursued to the exclusion of other methods of redress).

Pursuant to Section 1550 of the Vehicle Code, 75 Pa.C.S. § 1550, any person whose operating privilege is suspended has the right to appeal that suspension to the court of common pleas. *See also* 42 Pa. C.S. § 933(a)(1)(ii). Howard availed himself of this remedy but the court of common pleas denied his appeal. *See* Pet. for Review, at ¶¶ 9–10. Upon the denial of his license suspension appeal, Howard had the right to appeal the common pleas court's order to this Court. 42 Pa.C.S. § 762(a).

In paragraph 11 of his petition for review, Howard alleges that he filed a "permission to file notice of appeal nunc pro tunc" but that he has not received any response from the court of common pleas. Pet. for Review, at ¶ 11. As noted below, however, this Court transmitted Howard's "permission to file notice of appeal nunc pro tunc" to the common pleas court. That court later terminated Howard's appeal on January 29, 2013 for lack of activity after advising Howard in September 2012 that the case would be dismissed if he failed to file a statement of intention to proceed prior to the proposed termination date set forth in the notice.[7] Howard did not file a notice of intention to proceed nor did he appeal the termination of his pending license suspension appeal.

██ Howard's failure to exhaust his statutory remedy, *i.e.*, to appeal the common pleas court's termination of his pending license suspension appeal to this Court, results in a lack of jurisdiction of this Court. *Cf. Guarrasi v. Scott*, 25 A.3d 394 (Pa.Cmwlth.2011); *Muir v. Alexander*, 858 A.2d 653 (Pa.Cmwlth.2004).[8]

An appropriate order follows.

years despite Howard's failure to pay the fee. Had the prothonotary not received the Chief Clerk's letter, it would not have terminated Howard's case on January 29, 2013 because there would have been no reason to terminate Howard's case for lack of activity absent some other pending matter.

7. We note that the address listed on the common pleas court's docket is the same address Howard provided this Court when filing his petition for review.

8. Although the merits are not before the Court at this time, Howard is not entitled to mandamus relief. Mandamus is only appropriate where the petitioner's right to relief is clear, there is a corresponding duty in the respondent, and there is a lack of any other adequate remedy. *Chesapeake Appalachia, LLC v. Golden*, 35 A.3d 1277 (Pa.Cmwlth. 2012). Howard's right to relief is not clear because he failed to exhaust his statutory remedy, which deprives this Court of jurisdiction, *see Jackson v. Centennial Sch. Dist.*, 509 Pa. 101, 501 A.2d 218 (1985); he may not collaterally attack the validity of his license suspension, *see Ruby v. Dep't of Transp.*, 158 Pa.Cmwlth. 631, 632 A.2d 635 (1993); and a mandamus action may not be used to revive

### ORDER

NOW, June 10, 2013, the preliminary objection of the respondent Commonwealth of Pennsylvania, Department of Transportation is sustained, and Harold Howard's petition for review is dismissed.

lapsed appeal rights. *Luke v. Cataldi,* 593 Pa. 461, 932 A.2d 45 (2007).