**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1193
_____

HAROLD HOWARD,
                                   Appellant
v.

SECRETARY PENNSYLVANIA
DEPARTMENT OF TRANSPORTATION
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-14-cv-06794)
District Judge: Honorable Gene E.K. Pratter
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 5, 2016

Before: AMBRO, GREENAWAY, JR. and GARTH, Circuit Judges

(Opinion filed: August 31, 2016)
_____

OPINION*
_____

PER CURIAM

Harold Howard appeals from an order of the District Court dismissing his

amended complaint. For the reasons that follow, we will affirm.

On January 24, 2010, Howard was arrested by Norristown police for driving under the influence ("DUI") in violation of 75 Pa. Cons. Stat. Ann. § 3802. He would later be acquitted of the charge, but pursuant to 75 Pa. Cons. Stat. Ann. § 1547(b)(1), Pennsylvania's "Implied Consent Law," the Pennsylvania Department of Transportation ("PennDOT") is required to suspend for at least 12 months the license of a motorist who is arrested for DUI if he refuses chemical testing. Howard refused chemical testing. Accordingly, his driving privileges were suspended.

Howard appealed the suspension of his license to the Montgomery County Court of Common Pleas as was his right. See 75 Pa. Cons. Stat. Ann. § 1550. On June 7, 2010, after a trial *de novo*, the state court upheld the suspension. Howard then filed an item titled "permission to file notice of appeal nunc pro tunc" with Pennsylvania's Commonwealth Court. That item was forwarded by that court's Chief Clerk to the Prothonotary of the Montgomery County Court of Common Pleas for processing as a notice of appeal. Approximately two years later, the Common Pleas Court sent Howard a Notice to Terminate due to inactivity pursuant to Pennsylvania Rule of Civil Procedure 230.2(a). When he did not respond, it terminated the case pursuant to Rule 230.2.

Howard then sought to invoke the Commonwealth Court's original jurisdiction by filing a petition for review there. In that petition Howard claimed that the suspension of his license for failure to submit to chemical testing was flawed because the DL-26 Form

completed by the arresting officer did not have the required signatures[1] and because the suspension was arbitrary and effectuated without due process. Howard claimed that he lacked any other adequate remedy at law and sought an order compelling PennDOT to reinstate his driving privileges. The Commonwealth Court dismissed the petition for review for lack of jurisdiction, holding that Howard had failed to exhaust his statutory remedies. See Howard v. Pa. Dep't of Transp., 73 A.3d 648, 651 (Pa. Commw. Ct. 2013) ("Howard's failure to exhaust his statutory remedy, i.e., to appeal the [C]ommon [P]leas [C]ourt's termination of his pending license suspension appeal to this Court, results in a lack of jurisdiction of this Court."). Howard then filed a second action in Commonwealth Court, which was dismissed. The Supreme Court of Pennsylvania affirmed on December 21, 2015.

Meanwhile, on November 24, 2014, Howard filed a civil rights action under 42 U.S.C. § 1983 in the United States District Court for the Eastern District of Pennsylvania against the Secretary of PennDOT. In his amended complaint Howard raised the same arguments that he raised in the state courts and also argued that the statute authorizing automatic suspension was void for vagueness. He sought an order reinstating his license, a declaratory judgment that § 1547 is unconstitutional on its face and void for vagueness, and an order declaring that the state court's judgment upholding the suspension is void. The Secretary moved to dismiss the amended complaint, arguing that it was barred by the applicable statute of limitations, that it failed to state a claim upon which relief may be

---

[1] The DL-26 Form advises a licensee of a police officer's request for chemical testing, the type of testing to be performed, and the consequences—license suspension—for refusing to submit to chemical testing.

3

granted, and that, in the alternative, the District Court should abstain from deciding the case under Younger v. Harris, 401 U.S. 37 (1971). Howard did not submit written opposition to the Secretary's motion to dismiss.

In an order entered on October 19, 2015, the District Court granted the Secretary's motion and abstained from deciding Howard's case under the principles of Younger and Sprint Communications, Inc. v. Jacobs, 134 S. Ct. 584 (2013). The Court reasoned that the underlying state court proceedings involving the suspension of a driver's license for refusing to consent to testing for impairment constituted "civil enforcement" proceedings within the meaning of Sprint. It further reasoned that those proceedings, which remained ongoing, served important state interests in curbing impaired driving and afforded Howard ample opportunity to raise his federal constitutional arguments.

Howard timely filed a motion for reconsideration, in which he argued that Younger abstention should not apply where an individual has been prosecuted in bad faith, see Dombrowski v. Pfister, 380 U.S. 479 (1965), and that Pennsylvania suspended his license in bad faith. The District Court denied reconsideration, concluding that there was no showing of bad faith prosecution.

Howard appeals. We have jurisdiction under 28 U.S.C. § 1291. In his Informal Brief, Howard argues that the District Court should not have abstained from deciding his case because he did not discover the basis for his claim of "fraud on the court" until after he no longer had any available remedies in state court. (He argues that the arresting officer, in his handling of the DL-26 Form requirements, perpetrated a fraud on the state

4

court and that the suspension of his license was invalid.[2]) Howard asserts that the arresting officer admitted at the trial that a procedural irregularity occurred and that the irregularity constitutes a fraud on the state court, thereby establishing an exception to Younger abstention. In his Reply Brief, he argues that the arresting officer failed to inform him of the automatic suspension for refusal to submit to chemical testing and that his appeal was improperly terminated by the Montgomery County Court of Common Pleas.[3]

We will affirm. "We exercise plenary review over whether the requirements for abstention have been met." Miller v. Mitchell, 598 F.3d 139, 145-46 (3d Cir. 2010). Under Younger, federal courts must abstain from, and therefore dismiss, claims otherwise within the scope of federal jurisdiction when "exceptional circumstances . . . justify a federal court's refusal to decide a case in deference to the States." Sprint Commc'ns, 134 S. Ct. at 591 (internal quotation marks omitted). Those "exceptional circumstances" are found when the underlying state proceeding fits into one of three categories: (1) "state criminal prosecutions," (2) "civil enforcement proceedings," and (3) "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." Id. at 588 (internal quotation marks removed). Otherwise, federal courts should entertain and resolve on the merits an action within the

---

[2] The statute itself appears only to require the arresting officer "to inform the person that: (i) the person's operating privilege will be suspended upon refusal to submit to chemical testing." 75 Pa. Cons. Stat. Ann. § 1547(b)(2)(i).

[3] The Secretary asserts in her brief that Howard's appeal was terminated because he failed to pay the appellate filing fees, but Howard claims he moved to proceed in forma pauperis. Appellee's Br. at 6.

scope of a jurisdictional grant. Id. See also New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 368 (1989).

Howard's state case falls neatly into the second category. Civil enforcement or "quasi-criminal" proceedings are "characteristically initiated to sanction the federal plaintiff," Sprint Commc'ns, 134 S. Ct. at 592, and are "in aid of and closely related to criminal statutes," Huffman v. Pursue, Ltd., 420 U.S. 592, 604 (1975). Howard's state court proceeding began when he appealed the suspension of his license by a state agency, pursuant to a statute designed to aid law enforcement in evaluating whether an individual has committed the crime of driving under the influence.

Having determined that the underlying proceeding is quasi-criminal, see Gonzalez v. Waterfront Comm'n of N.Y. Harbor, 755 F.3d 176, 180-82 (3d Cir. 2014), we turn to the factors set forth in Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423 (1982), for determining when a court should abstain under Younger. Those factors are: (1) whether the proceeding is an ongoing state judicial proceeding; (2) whether the proceeding implicates important state interests; and (3) whether there is an adequate opportunity in the state proceedings to raise federal constitutional challenges. Id. at 432. The District Court determined, and we agree, that those three factors were satisfied at the time the Court decided to grant the Secretary's motion to dismiss: state proceedings were ongoing; Pennsylvania has an important interest in prosecuting individuals who drive under the influence of alcohol or drugs and, therefore, in compelling cooperation with the detection of that dangerous condition; and there was an adequate opportunity for Howard to argue his federal due process "void for vagueness"

6

challenge and challenge to the procedural irregularities in the arresting officer's handling of the DL-26 Form requirements in state court. Howard received a trial *de novo* on the suspension of his license in the Montgomery County Court of Common Pleas, he was fully aware of the facts supporting his claims at the time of his trial, and he had a right to appeal the trial court's decision. Nothing in the circumstances leading to the termination of his state appeal shows that the proceedings were inadequate for purposes of refraining from abstention. Accordingly, the District Court did not commit legal error in granting the Secretary's motion to dismiss.

We further conclude that the District Court did not abuse its discretion in denying reconsideration. Reconsideration should only be granted where the movant shows: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. See North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). Howard's allegations of fraud on the court and his assertions concerning the arresting officer's testimony at his trial fall well short of establishing harassment or bad faith and thus do not justify an exception to Younger abstention.

For the foregoing reasons, we will affirm the order of the District Court dismissing Howard's amended complaint.