# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles S. Pukanecz,

        Petitioner           :

           :   No. 1660 C.D. 2023

        v.            :

           :   Submitted: February 4, 2026

Commonwealth of Pennsylvania,   :

Department of Transportation,    :

Bureau of Driver Licensing,      :

        Respondent     :

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE LORI A. DUMAS, Judge
              HONORABLE MARY HANNAH LEAVITT, Senior Judge

## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                         **FILED: March 24, 2026**

Charles S. Pukanecz (Petitioner), *pro se*, has petitioned this Court to review an order issued on November 13, 2023, by a hearing officer on behalf of the Department of Transportation (Department), Bureau of Driver Licensing (Bureau). Upon review, Petitioner failed to appeal this order to the Department for final adjudication. Therefore, we dismiss the petition because Petitioner failed to exhaust his administrative remedies.

# I. BACKGROUND[1]

Petitioner is a resident of Pennsylvania. Based on his driving record, Petitioner's operating privilege is currently suspended, and it appears that his operating privilege has been suspended continuously and for various reasons since September 2021. At some point, Petitioner sought an occupational limited license (OLL), but his application for an OLL was denied by the Department on July 19, 2023, because Petitioner had incurred disqualifying violations per Section 1553(d) of the Vehicle Code.[2]

On August 31, 2023, Petitioner requested a hearing, which was initially granted and scheduled for November 17, 2023.[3] According to Petitioner, the denial

---

[1] Unless otherwise stated, we derive this background from the findings issued by the hearing officer, which were admitted by Petitioner, as well as the agency record certified to this Court on appeal. *See* Adjudication & Order, 11/13/2023; *see generally* C.R.

[2] *See* 75 Pa.C.S. §§ 101-9805. In relevant part, Section 1553(d) of the Vehicle Code provides:

> (d) Unauthorized issuance.--The [D]epartment shall prohibit issuance of an occupational limited license to:
>
> . . .
>
> (15) Any person whose operating privilege has been suspended for a conviction of section 1543 [related to driving will operating privilege is suspended or revoked] unless department records show that the suspension for a conviction of section 1543 occurred only as a result of:
>
> > (i) a suspension for failure to respond to a citation imposed under the authority of section 1533 or 6146;
> >
> > (ii) a suspension for failure to undergo a special examination imposed under the authority of section 1538(a); or
> >
> > (iii) a suspension for failure to attend a departmental hearing imposed under the authority of section 1538(b).
>
> . . . .

75 Pa.C.S. § 1553(d).

[3] Petitioner untimely requested an administrative hearing. *See* 67 Pa. Code § 491.3(b)(1) (providing that "every request for a hearing shall be filed within 30 days of the Department's

of his OLL was legally incorrect because he was not *currently* serving a suspension for a disqualifying violation; additionally, Petitioner asserted that the Department's decision violated the letter and spirit of Section 1553, violated his right to equal protection, and, if not remedied, would violate the Interstate Commerce Clause.[4] *See* Pet'r's Appeal & Req. for Hr'g, 8/31/23.

On October 23, 2023, the Department filed a motion to dismiss, asserting, in relevant part, that Petitioner had incurred a suspension of his operating privilege for a conviction of Section 1543 (related to driving while operating privilege is suspended or revoked) and that this suspension did not qualify for any exception enumerated in Section 1553. For this and other reasons, the Department maintained that Petitioner had failed to raise a genuine issue of material fact or state a claim upon which relief could be granted.

Relevantly, in response, Petitioner admitted that his operating privilege had been suspended for a violation of Section 1543. Petitioner argued, however, that the Department must consider that his operating privilege had been suspended *initially* for his failure to respond to a registration violation, which is an exception to Section 1553(d)(15). *See, supra*, n.2 (recognizing an exception for violations of Section 1533 (suspension for failure to respond to citation)); *see also* 75 Pa.C.S. § 1311 (Registration card requirements). In other words, according to Petitioner,

---

determination that gives rise to the appeal"). However, Petitioner's untimely request did not deprive the hearing officer of jurisdiction. *Muma v. Pa. Dep't of Health, Division of Nursing Care Facilities*, 223 A.3d 742, 750-53 (Pa. Cmwlth. 2019) (finding that an untimely request for an initial hearing is not equivalent to an untimely appeal and "more akin to a nonjurisdictional claim-processing rule") (cleaned up); *see also* 67 Pa. Code § 491.3(c) (affording the hearing officer discretion to determine whether a request is insufficient or improper).

[4] *See* U.S. Const. art. I § 8. Although not entirely clear, it appears that Petitioner may have been cited for a violation of the Vehicle Code while traveling from New Jersey back into Pennsylvania. *See* Pet'r's Appeal & Req. for Hr'g, 8/31/23, at 4.

because his seminal violation qualified as an exception to the prohibitions set forth in Section 1553, all subsequent violations that extended the initial suspension of his operating privilege also qualified as exceptions.

The hearing officer rejected Petitioner's argument, noting the lack of any legal support for such an interpretation. Finding no issues of material fact, the hearing officer cancelled the hearing and affirmed the denial of Petitioner's OLL.[5] Petitioner did not appeal to the Secretary of the Department but promptly sought review in the Lehigh County Court of Common Pleas (trial court), which appropriately transferred the matter to this Court. *See* Trial Ct. Order, 4/5/24.

## II. ISSUES

Petitioner contends that the hearing officer's interpretation of Section 1553 of the Vehicle Code was flawed, essentially renewing his argument that his ongoing suspensions all stem from an initial violation that would not prohibit an OLL. *See* Pet'r's Br. at 15-16. Petitioner also criticizes what he views as shifting justifications for the Department's denial of his OLL. *See id.* Finally, Petitioner asserts that the Commonwealth's "expansive" Vehicle Code is "inherently unfair" and, as applied to him, violates his rights to equal protection and due process.[6] *Id.* at 16-17.

---

[5] The hearing officer expressly affirmed the denial but did not expressly rule on the Department's motion to dismiss. *See* Adjudication & Order at 7-8.

[6] In light of these purported violations, Petitioner questions whether a facial constitutional challenge is also warranted. *See* Pet'r's Br. at 17; s*ee also, e.g.*, *id.* at 57 ("And a look at how the statute applies more broadly, perhaps even to the level of a facial challenge, is suggested."). Nevertheless, in sum, we interpret Petitioner's arguments to be an "as-applied" challenge. *See id.* at 52 ("That core understanding [of equal protection] is qualified under standards that differ for constitutional [sic] challenges that are "facial" and those that are "as applied." In this case, [Petitioner] had his constitutional rights violated by the application of the statute in his particular set of circumstances as outlined herein."). Also, Petitioner has abandoned his Commerce Clause claim. *See generally id.*

In response, the Department asserts that Petitioner has waived all issues because he failed to appeal from the hearing officer's order to the Secretary of the Department. Resp't's Br. at 4, 5-8. Absent waiver, according to the Department, the hearing officer properly determined that Petitioner has committed multiple violations of the Vehicle Code that preclude the issuance of an OLL. *See id.* at 4, 8-9. The Department also rejects Petitioner's constitutional arguments as vague and ultimately without merit. *See id.* at 4, 9-11.

### III. DISCUSSION[7]

It is well settled that, under the doctrine of exhaustion of administrative remedies, a person aggrieved by a decision of a Commonwealth agency must exhaust all available administrative remedies before that person may proceed to judicial review. *St. Clair v. Pa. Bd. of Prob. & Parole*, 493 A.2d 146, 151 (Pa. Cmwlth. 1985). The primary purpose of the doctrine is to ensure that claims are heard, in the first instance, "by the body having expertise in the area." *Id.* at 152. "In addition, the exhaustion doctrine provides the agency with the opportunity to correct its own mistakes and to moot judicial controversies."[8] *Id.*

---

[7] Our review is limited to determining whether constitutional rights were violated, an error of law was committed, or findings of fact were unsupported by substantial evidence. *Gutman v. Dep't of Transp.*, 16 A.3d 566, 569 n.1 (Pa. Cmwlth. 2011).

[8] The exhaustion doctrine is also recognized implicitly by Section 703(a) of the Administrative Agency Law, which provides:

> **(a) General rule.--**A party who proceeded before a Commonwealth agency under the terms of a particular statute shall not be precluded from questioning the validity of the statute in the appeal, but such party may not raise upon appeal any other question not raised before the agency (notwithstanding the fact that the agency may not be competent to resolve such question) unless allowed by the court upon due cause shown.

2 Pa.C.S. § 703(a); *see also* Pa.R.A.P. 1551 (similarly limiting this Court's scope of review).

The exhaustion doctrine extends to constitutional claims that challenge a statute's application in a particular case. *Lehman v. Pa. State Police*, 839 A.2d 265, 275 (Pa. 2003). "[C]laims challenging a statute's application to the facts of a particular case must be raised before the agency or are waived." *Id.* at 276; *accord Funk v. Dep't of Env't Prot.*, 71 A.3d 1097 (Pa. Cmwlth. 2013). "To conclude otherwise, would permit an end-run of the administrative appeal process that the doctrine of exhaustion of administrative remedies is designed to prevent." *Keystone ReLeaf LLC v. Pa. Dep't of Health*, 186 A.3d 505, 515 (Pa. Cmwlth. 2018).

Finally, the doctrine is applicable to matters related to the suspension and restoration of a licensee's operating privilege. *Niles v. Dep't of Transp.*, 674 A.2d 739, 740 (Pa. Cmwlth. 1995) (finding waiver because a licensee had not timely appealed a hearing officer's decision, which had denied the licensee credit on the term of his suspension, to the Secretary of Transportation); *Ruby v. Dep't of Transp.*, 632 A.2d 635, 637 (Pa. Cmwlth. 1993) (recognizing the Department's exclusive authority in licensing and suspension matters). Referencing both general rules of administrative practice, as well as those procedures specifically adopted by the Department, this Court has long recognized that a person dissatisfied with a Department decision must seek relief from a hearing officer and then the Secretary

---

Section 703(a) and Rule 1551 provide a waiver rule in administrative law cases, which has been explained as follows:

> [T]he administrative law tribunal must be given the opportunity to correct its errors as early as possible; diligent preparation and effective advocacy before the tribunal must be encouraged by requiring the parties to develop complete records and advance all legal theories; and the finality of the lower tribunals' determinations must not be eroded by treating each determination as part of a sequence of piecemeal adjudications.

*Wing v. Unemployment Comp. Bd. of Rev.*, 436 A.2d 179, 181 (Pa. 1981). The Department has invoked the waiver rule in this case. *See* Resp't's Br. at 5-8.

of Transportation before this Court can afford him any relief. *Ruby*, 632 A.2d at 637-38 (dismissing a petition for review for failure to exhaust administrative remedies); *see Dep't of Transp., Bureau of Driver Licensing v. Cardell*, 568 A.2d 999, 1001 (Pa. Cmwlth. 1990) (reversing a decision of the Court of Common Pleas, which had erred in exercising jurisdiction over a license suspension dispute and directing the licensee to seek administrative relief from the Department); 1 Pa. Code §§ 35.1-35.251; 67 Pa. Code §§ 491.1-495.10.[9]

In this case, Petitioner failed to appeal the hearing officer's decision to the Secretary of Transportation. Instead, Petitioner circumvented the normal administrative review process by filing a petition for judicial review. In so doing, Petitioner failed to exhaust the administrative remedies available to him and deprived the Department of an opportunity to address and correct any possible mistakes. *See Lehman*, 839 A.2d at 275; *Ruby*, 632 A.2d at 638.

Accordingly, we dismiss the petition.[10]

**LORI A. DUMAS, Judge**

---

[9] Department regulations specifically provide: "*Appeal to the Secretary of a hearing officer's order.* Unless otherwise provided by this chapter, any appeal from an order rendered by the hearing officer shall be filed with the appropriate docket clerk within 30 days of the date the order is entered." 67 Pa. Code § 491.6(i) (emphasis in original).

[10] Petitioner does not address the exhaustion doctrine in his arguments to this Court. *See generally* Pet'r's Br. Additionally, Petitioner did not file a reply brief responding to the Department's assertion of waiver. For completeness, we recognize that a petitioner need not raise facial challenges to a statute's constitutionality before the administrative agency because "the determination of the constitutionality of enabling legislation is not a function of the administrative agencies thus enabled." *Lehman*, 839 A.2d at 275; *but see also Glenn O. Hawbaker, Inc. v. Dep't of Transp.*, 304 A.3d 1067, 1083 (Pa. 2023) (clarifying that "a substantial constitutional or validity challenge alone is not enough to forgo application of the exhaustion doctrine and that, in asserting such challenges, a litigant must also demonstrate the absence or inadequacy of an administrative remedy"). We discern no facial challenge in this case; further, Petitioner has neither asserted nor demonstrated the inadequacy of an administrative remedy.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles S. Pukanecz,
          Petitioner          :
                                :    No. 1660 C.D. 2023
              v.                 :
                                :
Commonwealth of Pennsylvania,   :
Department of Transportation,     :
Bureau of Driver Licensing,       :
          Respondent      :

## **O R D E R**

AND NOW, this 24th day of March, 2026, the petition for review filed by Charles S. Pukanecz on December 13, 2023, is DISMISSED.

 

**LORI A. DUMAS, Judge**